MARC J. FAGEL (Cal. Bar No. 154425)
SUSAN F. LaMARCA (Cal. Bar No. 215231)
 lamarcas@sec.gov
ROBERT S. LEACH (Cal. Bar No. 196191)
 leachr@sec.gov
SUSAN FLEISCHMANN (Cal. Bar No. 207194)
 fleischmanns@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone:  (415) 705-2500

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| SECURITIES AND EXCHANGE COMMISSION, | Civil Action No. C-07-4223 CRB |
|---|---|
| Plaintiff, | [PROPOSED] FINAL JUDGMENT AS TO DEFENDANT MICHAEL J. BYRD |
| vs. | |
| MICHAEL J. BYRD, | |
| Defendant. | |

Plaintiff United States Securities and Exchange Commission ("Commission") having filed its complaint in this action, and Defendant Michael J. Byrd, having entered an appearance in this case, and having submitted the Consent of Michael J. Byrd to Final Judgment ("Consent"), in which he has admitted the jurisdiction of this Court over him and over the subject matter of this action; consented to the entry of this Final Judgment without admitting or denying any of the allegations in the complaint except as to jurisdiction; waived findings of fact and conclusions of law; and waived any right to a trial or to an appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Byrd and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 17(a)(2) and (3) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a)(2) & (3), by:

(i) obtaining money or property by means of untrue statements of material fact or by omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(ii) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in the offer or sale of any securities by the use of any means or instrumentality of interstate commerce, or of the mails.

II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Byrd and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78m(b)(5), by knowingly circumventing or failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act, 15 U.S.C. § 78m(b)(2).

III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Byrd and his agents, servants, employees and attorneys-in-fact, and all persons acting in concert or participation with any of them, who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Rule 13b2-1

under the Exchange Act, 17 C.F.R. § 240.13b2-1, by falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A).

IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Byrd and his agents, servants, employees and attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Rule 13b2-2 of the Exchange Act, 17 C.F.R. §240.13b2-2, by making or causing to be made a materially false or misleading statement, or by omitting to state or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with (A) any audit or examination of the financial statements of an issuer required to be made pursuant to the federal securities laws or (B) the preparation or filing of any document or report required to be filed with the Commission pursuant to the federal securities laws or otherwise.

V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Byrd and his agents, servants, employees and attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from aiding and abetting any violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20, 13a-1 and 13a-13, 17 C.F.R. §§ 240.12b-20, 240.13a-1 & 240.13a-13, by knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, or Section 15(d) of the Exchange Act, 15 U.S.C. § 78*o*, in failing to file with the Commission such accurate and complete information, reports, and documents as are required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and the Commission's Rules, including annual reports on Form 10-K and quarterly reports on Form 10-Q.

VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Byrd and his agents, servants, employees and attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A), by knowingly providing substantial assistance to any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, or Section 15(d) of the Exchange Act, 15 U.S.C. § 78*o*, in failing to make or keep books, records or accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

VII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Byrd and his agents, servants, employees and attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(B), by knowingly providing substantial assistance to any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, or Section 15(d) of the Exchange Act, 15 U.S.C. § 78*o*, in failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurance that transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or other applicable criteria, and to maintain accountability for assets.

VIII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Byrd and his agents, servants, employees and attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from violating Section 16(a) of the Exchange Act, 15 U.S.C. § 78p(a), and/or Rule 16a-3 thereunder, 17 C.F.R. § 240.16a-3, by failing to file, within the

time period required, a statement setting for the amount (or any changes in the amount) of all equity securities of such issuer of which he is a director, an officer, or the beneficial owner of more than 10 percent of any class of equity security that is not exempt, which is registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Byrd is liable for disgorgement of $225,000 plus prejudgment interest thereon in the amount of $24,843, for a total amount of $249,843.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Byrd shall pay a civil penalty in the amount of $175,000 pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act, 15 U.S.C. §§ 77t(d) & 78u(d)(3). Defendant shall satisfy this obligation, and his obligation to pay disgorgement plus prejudgment interest in paragraph VIII., above, by paying a total of $424,843 within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Michael J. Byrd as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this Final Judgment to the United States Treasury.

XI.

Amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Byrd shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Byrd's payment of disgorgement in

1  this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such
2  compensatory damages award by the amount of any part of Byrd's payment of a civil penalty in this
3  action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset,
4  Byrd shall, within 30 days after entry of a final order granting the Penalty Offset, notify the
5  Commission's counsel in this action and pay the amount of the Penalty Offset to the United States
6  Treasury.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to
7  change the amount of the civil penalty imposed in this Judgment.

XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Byrd shall comply with all of the undertakings and agreements set forth therein.

XIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XIV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:   January 2, 2010

_____
Charles R. Breyer
UNITED STATES DISTRICT JUDGE

*IT IS SO ORDERED*
*Judge Charles R. Breyer*
(Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA)

MARC J. FAGEL (Bar No. 154425)
SUSAN F. LaMARCA (Bar No. 215231)
    lamarcas@sec.gov
ROBERT S. LEACH (Bar No. 196191)
    leachr@sec.gov
SUSAN FLEISCHMANN (Bar No. 207194)
    fleischmanns@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Civil Action No. C-07-4223 CRB |
| Plaintiff, | |
| vs. | CONSENT OF DEFENDANT MICHAEL J. BYRD TO FINAL JUDGMENT |
| MICHAEL J. BYRD, | |
| Defendant. | |

1.   Defendant Michael J. Byrd acknowledges service upon him of the complaint in this action, has entered a general appearance, and admits the jurisdiction of this Court over him and over the subject matter of this action.

2.   Without admitting or denying the allegations of the Securities and Exchange Commission's ("Commission") complaint (except as to personal and subject matter jurisdiction, which Byrd admits), Byrd hereby consents to the entry of a Final Judgment as to Michael J. Byrd ("Final Judgment"), in the form attached hereto and incorporated by reference herein, which, among other things:

a) Permanently restrains and enjoins Byrd from violations of Sections 17(a)(2) and (3) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77q(a)(2) & (3), Sections 13(b)(5) and 16(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78m(b)(5) and 78p(a), and Rules 13b2-1, 13b2-2, and 16a-3, 17 C.F.R. §§ 240.13b2-1, 240.13b2-2, and 240.16a-3; and from aiding and abetting violations of Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act, 15 U.S.C. §§ 78m(a), 78m(b)(2)(A) & 78m(b)(2)(B), and Rules 12b-20, 13a-1, and 13a-13, 17 C.F.R. §§ 240.12b-20, 240.13a-1 & 240.13a-13.

b) Orders Byrd to pay disgorgement in the amount of $225,000 plus prejudgment interest thereon in the amount of $24,843, for a total amount of $249,843; and

c) Orders Byrd to pay a civil penalty in the amount of $175,000 under 15 U.S.C. §§ 77t(d) & 78u(d)(3).

3. Byrd consents to satisfy the obligations identified in Paragraph 2(b) and (c) above by paying $424,843 within ten business days of the entry of the Final Judgment to by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Michael Byrd as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and that payment is made pursuant to the Final Judgment. Byrd agrees that by making this payment, he relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to him. Byrd shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

4. Byrd agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Byrd pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Byrd further agrees that he shall not claim, assert, or apply for a tax deduction or

1  tax credit with regard to any federal, state, or local tax for any penalty amounts that Byrd pays pursuant to
2  the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a
3  distribution fund or otherwise used for the benefit of investors.

4  5. Byrd waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of
5  the Federal Rules of Civil Procedure.

6  6. Byrd waives any right he might have to a jury trial and to appeal from the entry of the
7  Final Judgment.

8  7. Byrd voluntarily consents to the entry of the Final Judgment, and represents that no
9  offers, promises or inducements of any kind have been made by the Commission or any member,
10 officer, employee, agent, or representative of the Commission to induce Byrd to enter into this
11 Consent.

12 8. Byrd agrees that this Consent shall be incorporated into the Final Judgment with the
13 same force and effect as if fully set forth therein.

14 9. Byrd will not oppose the enforcement of the Final Judgment on the ground, if any
15 exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby
16 waives any objection based thereon.

17 10. Byrd waives service of the Final Judgment and agrees that entry of the Final Judgment
18 by the Court and filing with the Clerk of the Court will constitute notice to him of its terms and
19 conditions. Byrd further agrees to provide counsel for the Commission, within thirty days after the
20 Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that he has
21 received and read a copy of the Final Judgment.

22 11. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted
23 against Byrd in this civil proceeding. Byrd acknowledges that no promise or representation has been
24 made by the Commission or any member, officer, employee, agent, or representative of the
25 Commission with regard to any criminal liability that may have arisen or may arise from the facts
26 underlying this action or immunity from any such criminal liability. Byrd waives any claim of Double
27 Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil
28 penalty herein. Byrd further acknowledges that the Court's entry of a permanent injunction may have

collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Byrd understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

12. Byrd understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Byrd agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Byrd hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Byrd breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Byrd's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13. Byrd hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by him to defend against this action. For these purposes, Byrd agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

14. Byrd acknowledges having been fully advised and informed of his right to a judicial determination of this matter.

15. Byrd agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

16. Byrd agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 10/25/09

*Michael J. Byrd*
Michael J. Byrd

Approved as to form:

*[signature: John M Potter]*

John Potter, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
50 California Street
22nd Floor
San Francisco, CA 94111
Attorney for Defendant

Submitted by:

*[signature: Susan F. LaMarca]*

Susan F. LaMarca, Esq.
United States Securities and Exchange Commission
44 Montgomery Street
Suite 2600
San Francisco, CA 94104
Attorney for Plaintiff



**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
SAN FRANCISCO REGIONAL OFFICE
44 Montgomery Street
SUITE 2600
SAN FRANCISCO, CALIFORNIA 94104**

DIRECT DIAL: (415) 705-2456

January 29, 2010

***VIA HAND DELIVERY AND E-FILING***
The Honorable Charles R. Breyer
United States District Judge
United States District Court for the
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

      Re:    ***SEC v. Michael J. Byrd,*** Civil Action No. C-07-4223-CRB

To The Honorable Charles R. Breyer:

    Enclosed is a copy, for the Court's consideration, of the Proposed Final Judgment as to Defendant Michael J. Byrd, as well as the Consent of Michael J. Byrd to Final Judgment.

    Subject to the Court's approval, this filing represents the settlement between the Commission and Mr. Byrd. If approved by the Court, this settlement will resolve the Commission's case against Mr. Byrd in its entirety.

                                    Respectfully submitted,

                                    Susan F. LaMarca

cc:    John Potter, Counsel for Michael J. Byrd